IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRATELLI D'AMATO SpA<br><br>        Plaintiff,<br><br>    v.<br><br>PACTRANS AIR & SEA USA a/k/a<br>PACTRANS AIR & SEA, INC.<br><br>        Defendant<br><br>And<br><br>JOHNSON CONTROLS, INC., and<br>CATERPILLAR, INC., and<br>CIMC USA INC., and<br>GE INDUSTRIAL SYSTEMS SALES, INC., and<br>A.T. CROSS COMPANY, and<br>FUNAI APPLIANCE CORP., and<br>SCHWEIZER AIRCRAFT CORP. A/K/A/<br>SIKORSKY MILITARY COMPLETIONS CENTER, and<br>AMERICAN STANDARD TRANE, LTD., and<br>UNION PACIFIC RAILROAD COMPANY<br><br>        Garnishees | Civil Action No. |

## VERIFIED COMPLAINT IN ADMIRALTY

Plaintiff Fratelli D'Amato SpA (hereinafter "Fratelli"), by its attorneys, Palmer Biezup & Henderson, LLP, as and for its Verified Complaint against Defendant Pactrans Air & Sea USA a/k/a Pactrans Air & Sea, Inc. (hereinafter "Pactrans"), alleges upon information and belief as follows:

PBH420511.1

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim relating to the breach of a maritime contract for the charter of an oceangoing cargo vessel and sums due in respect to the performance of that contract. As such, this case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2. This Complaint is being filed to obtain security pursuant to Supplemental Admiralty Rule B in connection with an arbitration presently pending in London between Fratelli and Pactrans. Nothing in this Complaint should be deemed as a waiver of Fratelli's right to pursue arbitration.

The Parties

3. At all times material hereto, Plaintiff Fratelli was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a business address at Via Dei Fiorentini 21, 80133 Naples, Italy, and was the disponent owner of the M/V AOM MILENA, an ocean going vessel.

4. At all times material hereto, Defendant Pactrans was and still is a foreign business entity duly organized and existing under the laws of Illinois with an office and principal place of business at 951 Thorndale Avenue, Bensenville, Illinois 60106, and was the charterer of the M/V AOM MILENA.

5. Defendant Pactrans has no known office, business presence or agent(s) in the District of Delaware.

6. Defendant Pactrans advertises and posts on its website that it has ongoing business relationships with various companies, including the below named Garnishees, each of whom is registered to do business and is subject to service of process in Delaware.

7. Garnishee Johnson Controls, Inc., is a corporation organized and existing under the laws of the state of Delaware, with a registered agent located at Corporation Trust Center, 1209 Orange St., Wilmington. DE, 19801.

8. Garnishee Caterpillar, Inc., is a corporation organized and existing under the laws of the state of Delaware, with a registered agent located at Corporation Trust Center, 1209 Orange St., Wilmington. DE, 19801.

9. Garnishee CIMC USA Inc., is a corporation organized and existing under the laws of the state of Delaware, with a registered agent located at Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington. DE, 19808.

10. Garnishee GE Industrial Systems Sales, Inc., is a corporation organized and existing under the laws of the state of Delaware, with a registered agent located at Corporation Trust Center, 1209 Orange St., Wilmington. DE, 19801.

11. Garnishee A.T. Cross Company, is a company organized and existing under the laws of the state of Delaware, with a registered agent located at Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington. DE, 19808.

12. Garnishee Funai Appliance Corp., is a corporation organized and existing under the laws of the state of Delaware, with a registered agent located at Prentice-Hall Corporation System, Inc., 2711 Centerville Rd. Suite 400, Wilmington. DE, 19808.

13. Garnishee Schweizer Aircraft Corp., a/k/a/ Sikorsky Military Completions Center, is a corporation organized and existing under the laws of the state of Delaware, with a registered agent located at Corporation Trust Center, 1209 Orange St., Wilmington. DE, 19801.

14. Garnishee American Standard Trane, Ltd., is a company organized and existing under the laws of the state of Delaware, with a registered agent located at Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington. DE, 19808.

15. Garnishee Union Pacific Railroad Company, is a company organized and existing under the laws of the state of Delaware, with a registered agent located at Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington. DE, 19808.

## The Underlying Dispute and Arbitration

16. Pursuant to a contract of charter party dated July 11, 2013, which is subject to English law, Plaintiff Fratelli let the vessel M/V AOM MILENA to Defendant Pactrans for a single voyage for the carriage of a full and complete cargo of about fifty thousand (50,000) metric tons of soya beans (about being 5% more or less in the Defendant Pactrans' option) from one safe port/berth at San Lorenzo, Argentina to one safe port/berth at Xiamen and Qingdao, China (hereinafter the "Charter"). A copy of the Charter is annexed hereto as Exhibit 1 and incorporated by reference herein.

17. Pursuant to the terms of the Charter, Plaintiff Fratelli duly delivered the vessel at San Lorenzo, Argentina on July 27, 2013, and tendered Notice of Readiness confirming the vessel's availability for loading of the cargo at the designated load port. (*See* Exhibit 2, copy of Notice of Readiness).

18. Contrary to Defendant Pactrans' obligations to timely provide a cargo for loading, the vessel remained idle at San Lorenzo, Argentina from the tender of Notice of Readiness on July 27, 2013 through the early part of December 2013.

19. Defendant Pactrans' failure to provide the cargo for loading in a timely fashion constituted an actual repudiatory breach and/or an anticipatory repudiatory breach under English

law (the applicable law called for in the Charter), and that same failure to timely provide the cargo for loading resulted in an actual and/or inevitable delay(s) to the vessel which constituted a sufficient basis under English law for the frustration of the commercial purpose(s) of the Charter, thereby entitling Plaintiff Fratelli to withdraw and cancel the Charter, which it did on December 9, 2013.

20. As a consequence of the foregoing, Plaintiff Fratelli has suffered losses and/or will incur damages, as nearly as can now be estimated, associated with the breach and delay to the vessel, in the total sum of $2,950,000 consisting of damages/losses due to the non-performance of the Charter, and costs associated with the bunkers consumed during the period the vessel was idle, the need for hull cleaning, and other associated costs.

21. Plaintiff Fratelli has a good and arguable claim under English law for recovery of the sum identified in paragraph 20 above, and is presently pursuing Defendant Pactrans in London arbitration for that amount, together with a recovery of interest, costs and attorneys' fees, all of which are recoverable in London arbitration as an element of the claim.

22. Plaintiff Fratelli estimates, as nearly as can be calculated, that interest (for the period the case is estimated to run in arbitration – three years) will be $287,625 at the prevailing rate of 3.25%, and costs and attorneys' fees incurred in connection with the prosecution of the claim in London arbitration (inclusive of arbitrators' fees which are also recoverable) will be $500,000.

23. As outlined above, the Charter provides for arbitration in London pursuant to English law, and this action is brought to obtain security in connection with Plaintiff Fratelli's claims for London arbitration.

24. Upon information and belief and after investigation, Plaintiff Fratelli submits that Defendant Pactrans cannot be "found" within this District for the purpose of an attachment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

25. Upon information and belief, Defendant Pactrans now has, or during the pendency of this action will have, property, goods, chattels, or credits and effects present within this District and Plaintiff is entitled to attach Defendant's property within the District pursuant to Supplemental Admiralty Rule B.

26. Upon information and belief, the named Garnishees, Johnson Controls, Inc., and Caterpillar, Inc., CIMC USA Inc., GE Industrial Systems Sales, Inc., A.T. Cross Company, Funai Appliance Corp., Schweizer Aircraft Corp. a/k/a/ Sikorsky Military Completions Center, American Standard Trane, Ltd., and Union Pacific Railroad Company now have, or during the pendency of this action will have, certain tangible or intangible goods, chattels, credits, freights, effects, debts, obligations, assets and/or funds belonging to, owed to, claimed by or being held for Defendant Pactrans within their custody or possession and/or under their control within this District.

27. Plaintiff Fratelli seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B attaching, inter alia, any property of Defendant Pactrans held by the aforesaid garnishees or otherwise present in this District for the purpose of obtaining personal jurisdiction over Pactrans, and to secure Plaintiff Fratelli's claims as described above.

WHEREFORE, Plaintiff Fratelli prays:

a. That process in due form of law according to the practice of this Court issue against the Defendant Pactrans, citing it to appear and answer under oath all and singular the matters alleged;

b. That to the extent Defendant Pactrans cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, all tangible or intangible property of the Defendant Pactrans up to and including the sum of $3,737,625 be restrained and attached, including but not limited to any cash, funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or any other property of or debt, belonging to, due to, from, or for the benefit of Defendant Pactrans (collectively "ASSETS"), including but not limited to such ASSETS as may be within the possession, custody or control of any garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c. That this Court retain jurisdiction over the matter while the arbitration proceeds for purposes of any subsequent enforcement action as may be necessary; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

PALMER BIEZUP & HENDERSON LLP

Dated: January 15, 2014

By: /s/ Michael B. McCauley
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
mccauley@pbh.com
Attorneys for Plaintiff Fratelli D'Amato SpA

PBH420511.1

OF COUNSEL:

PALMER BIEZUP & HENDERSON LLP
Frank P. DeGiulio
Kevin G. O'Donovan
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
(215) 625-9900

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRATELLI D'AMATO SpA

    Plaintiff,

v.

PACTRANS AIR & SEA USA a/k/a
PACTRANS AIR & SEA, INC.

    Defendant

And

JOHNSON CONTROLS, INC., and
CATERPILLAR, INC., and
CIMC USA INC., and
GE INDUSTRIAL SYSTEMS SALES, INC., and
A.T. CROSS COMPANY, and
FUNAI APPLIANCE CORP., and
SCHWEIZER AIRCRAFT CORP. A/K/A/ SIKORSKY MILITARY COMPLETIONS CENTER, and
AMERICAN STANDARD TRANE, LTD., and
UNION PACIFIC RAILROAD COMPANY

    Garnishees

Civil Action No.

ATTORNEY AFFIDAVIT
IN SUPPORT OF VERIFIED COMPLAINT AND
APPLICATION FOR MARITIME ATTACHMENT AND GARNISHMENT

COMMONWEALTH OF PENNSYLVANIA    )
    ) SS:
COUNTY OF PHILADELPHIA    )

Kevin G. O'Donovan, being duly sworn, deposes and states as follows:

PBH420511.1

1. I am a partner with Palmer Biezup and Henderson, LLP, attorneys for Plaintiff in this action.

2. I make this Affidavit in support of the Plaintiff's Verified Complaint and application for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B(1)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

3. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true and correct to the best of my knowledge, information and belief at the present time.

4. The sources of my information and the grounds for my belief are communications, information and documentation provided by Plaintiff and/or its London solicitors.

5. The reason this Verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

6. Pursuant to the requirements of Local Admiralty Rule (B)(1), the undersigned has made the following efforts on behalf of the Plaintiff to find and serve the Defendant within this District:

   a) Obtained information provided by Plaintiff and/or its London solicitors;

   b) Conducted an on-line computer search in the corporation/business entity/fictitious name database maintained by the Delaware Department of State for "Pactrans Air & Sea," and found no record of any such name registered in the

2

PBH420511.1

Commonwealth, either as a foreign corporation or as qualified to do business in Delaware;

c) Telephoned the office of the Delaware Department of State and confirmed with an employee/agent that there is no listing or registration in Delaware for "Pactrans Air & Sea";

d) Conducted an on-line Google search for "Pactrans Air & Sea" and found on the Defendant's website that it has a main office located in Bensenville, Illinois and several branch offices located in various cities in China, but lists no offices or business addresses located within the State of Delaware; and,

e) Conducted an examination of telephone directories available electronically and called directory assistance for all area codes within this District, which revealed no telephone listing for the Defendant.

7. Based upon the results of the inquiries detailed above, to the best of my information and belief, the Defendant is a foreign corporation and cannot be found within this District within the meaning of Rule B.

8. It is respectfully submitted that the Defendant cannot be found within this District within the meaning of Rule B, thereby satisfying the requirements for issuance of Orders of Maritime Attachment and Garnishment under the Rule.

9. To the best of my present information and belief, no previous application for an Order of Attachment or similar relief has been sought against the Defendant in this District.

_____
Kevin G. O'Donovan

Sworn to and subscribed before me this 15th day of January, 2014

*Charles P Neely*
_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Charles P. Neely, Notary Public
New Britain Twp., Bucks County
My Commission Expires April 22, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

4