**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FRATELLI D'AMATO SpA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-00046 GMS |
| | ) | |
| PACTRANS AIR & SEA USA a/k/a | ) | |
| PACTRANS AIR & SEA, INC., | ) | |
| | ) | |
| Defendant | ) | |
| And | ) | |
| | ) | |
| JOHNSON CONTROLS, INC., | ) | |
| CATERPILLAR, INC., CIMC USA INC., | ) | |
| GE INDUSTRIAL SYSTEMS SALES, | ) | |
| INC., A.T. CROSS COMPANY, FUNAI | ) | |
| APPLIANCE CORP., SCHWEIZER | ) | |
| AIRCRAFT CORP. A/K/A SIKORSKY | ) | |
| MILITARY COMPLETIONS CENTER, | ) | |
| AMERICAN STANDARD TRANE, LTD., | ) | |
| And UNION PACIFIC RAILROAD CO. | ) | |

**MOTION OF SPECIALLY APPEARING APPLICANT
PACTRANS AIR & SEA, INC. TO QUASH/DENY PROCESS OF MARITIME
ATTACHMENT AND GARNISHMENT, STRIKE INTERROGATORIES,
AND DISMISS COMPLAINT**

Specially Appearing Applicant Pactrans Air & Sea, Inc. ("Pactrans"), improperly

sued as Pactrans Air & Sea USA a/k/a Pactrans Air & Sea, Inc., by its attorneys, William

M. Kelleher and Phillip A. Giordano of Gordon, Fournaris and Mammarella, P.A., and for

its Motion to Quash/Deny Process of Maritime Attachments and Garnishments, Strike

Interrogatories, and Dismiss Complaint, without prejudice to its right to challenge the

jurisdiction of the Court, states as follows:

## PROCEDURAL BACKGROUND

On January 15, 2014, Plaintiff filed its Verified Complaint ("Complaint") to obtain security in connection with Plaintiff's alleged claims against Pactrans, which are currently being arbitrated in London. [Docket # 1].  Pactrans has not been served with process and a copy of the Complaint, but has gained knowledge of its filing through the attempted garnishment of monies allegedly owed to Pactrans by one or more of the named garnishees.

In its Complaint, Plaintiff claims that pursuant to a charter party dated July 11, 2013, Plaintiff chartered a vessel to Pactrans for a single voyage for the carriage of cargo; that Plaintiff delivered the vessel on July 27, 2013 and tendered its Notice of Readiness; that Pactrans failed to timely provide a cargo for loading; that said failure entitled Plaintiff to withdraw the vessel and cancel the charter, which it did on December 9, 2013. [Docket #1, paras. 16-19].  Plaintiff claims that it has or will incur damages in the sum of $2,950,000 plus interest and fees in the additional sum of almost $800,000. [Docket # 1, paras. 20 and 22].  The underlying claims are presently being arbitrated in London by the Parties. [Docket # 1, para. 21].  Pactrans denies the material allegations of the underlying claims. The instant action only seeks to obtain security in connection with Plaintiff's claims for London arbitration.  [Docket # 1, para. 23].

On February 4, 2014, the Court issued a Process of Maritime Attachment and Garnishment ("Attachment") pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule B"), to be served upon garnishees Johnson Controls, Inc., Caterpillar, Inc., CIMC USA, Inc., GE Industrial Systems Sales, Inc., A.T. Cross Company, Funai Appliance Corp., Schweizer Aircraft Corp., American Standard

{GFM-00559914.DOC-}

Trane, Ltd., and Union Pacific Railroad Co. (collectively "Garnishees").  [Docket # 11].

The Garnishees are all current or former customers of Pactrans.  Plaintiff lists the

addresses of the Garnishees for purposes of service as either Corporation Trust Center,

1209 Orange Street, Wilmington, DE, or Corporation Service Company, Corporation

Trust Center and Prentice-Hall Corporation Systems, Inc. - all located at  2711

Centerville Rd., Suite 400, Wilmington, DE.  [See Docket ## 6 and 11].

On February 18, 2014, Plaintiff filed an Application for Supplemental Process of

Maritime Attachment and Garnishment requesting an Order for issuance of a maritime

writ of attachment as against CIMC Reefer Trailer, Inc. and Vanguard National Trailer

Corp. ("Additional Garnishees").[1] [Docket # 12].  These Additional Garnishees are

customers of Pactrans. Plaintiff lists the addresses for service on these Additional

Garnishees as Corporation Service Company, 2711 Centerville Road, Suite 400,

Wilmington, DE.  [Docket # 12-1].  On February 21, 2014, the Court issued a

Supplemental Process of Maritime Attachment and Garnishment to be served upon the

Additional Garnishees.  [Docket # 13].

On February 27, 2014, Plaintiff filed a Second Application for Supplemental

Process of Maritime Attachment and Garnishment requesting an Order for issuance of a

maritime writ of attachment as against RFI Americas, Inc., Valmont Newark, Inc., KAF

Group Co., FedEx Freight, Inc., and OEM Solutions, Inc. ("Second Additional

---

[1] Upon information and belief, Garnishee CIMC USA has reported to Plaintiff's counsel that two of its affiliated companies, Additional Garnishees Vanguard National Trailer Corp. and CIMC Reefer Trailer, Inc., owe Pactrans approximately $48,300 (although CIMC USA has not yet filed its answers to interrogatories), and  which information caused Plaintiff to file its Application for Supplemental Process of Maritime Attachment and Garnishment requesting an Order for issuance of a maritime writ of attachment as against these two entities.  Regardless, neither of these entities has a principal place of  business or operational office in this District and so any monies owed by these entities to Pactrans would not be located in this District. Any attachment of these funds under the guise of this action would be improper.

Garnishees") [Docket # 16].  These Second Additional Garnishees are present or former customers of Pactrans. Plaintiff lists the addresses for service on these  Second Additional Garnishees (except KAF Group), as Corporation Trust Company, 1209 Orange Street, Wilmington, DE  Plaintiff lists the address for service on KAF Group as 42C Reads Way, New Castle, DE. [Docket # 16-1].

The Attachments [Docket # 11], Supplemental Attachments [Docket # 13], and proposed Second Supplemental Attachments [Docket # 16-1] direct the Garnishees that if Pactrans cannot be found within the District of Delaware, Garnishees, Additional Garnishees and proposed Second Additional Garnishees are to attach all tangible or intangible property belonging to, claimed by, being held for or on behalf or otherwise for the benefit of Pactrans, "within this District," and in the hands of the Garnishees. [Docket ## 11, 13 and 16-1].

Plaintiff served interrogatories with the Attachments and Supplemental Attachments directed to the Garnishees and Additional Garnishees, and it is anticipated that Plaintiff will serve the same or similar interrogatories upon the proposed Second Additional Garnishees. To date, no Garnishee or Additional Garnishee has filed an answer to the Attachments/interrogatories or to the Complaint.

## LEGAL ARGUMENT

Plaintiff's Maritime Attachments and Garnishments, Supplemental Attachments, and proposed Second Supplemental Attachments served on the Garnishees, Additional Garnishees, and proposed Second Additional Garnishees (sometimes, collectively hereinafter referred to as "Garnishees") must be quashed or vacated/denied, interrogatories stricken, and the Complaint dismissed, because, upon information and

4

belief, none of the Garnishees have a principal place of business or operational office in Delaware and thus, no attachable property belonging to, claimed by, being held for or on behalf or otherwise for the benefit of Pactrans, can be found within this District.

## I.      Supplemental Rule B(1) is Limited in Purpose

Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule B") provides in pertinent part:

> (1) WHEN AVAILABLE; COMPLAINT, AFFIDAVIT, JUDICIAL AUTHORIZATION, AND PROCESS. In an in personam action: (a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process.

The primary purpose of Supplemental Rule B(1) is to compel the personal appearance of a nonresident defendant to answer and defend a suit brought against him through the attachment and seizure of any property *found within the court's jurisdiction*. The power over property is central to the continued vitality of American admiralty law, and maritime attachment is considered part and parcel of admiralty law.  *See Shaffer v. Heitner*, 433 U.S. 186 (1977).  While Pactrans concedes that it is a nonresident defendant of the District of Delaware, there is no need for Pactrans to appear in this jurisdiction, because the parties have already commenced arbitration in London, per the terms of the Charter Party, and Pactrans is voluntarily participating in that arbitration. [See Complaint].

## II.     The Property Sought to Be Attached Must be Physically Located in this District.

A secondary purpose of Rule B is to secure a fund out of which a judgment may be satisfied.  *See Florens Container v. Cho Yang Shipping*, 245 F. Supp. 1086 (N.D. CA 2002).  The jurisdiction in a Rule B attachment proceeding is *quasi in rem. See e.g.,  The*

*Shipping Corp. of India Ltd. v. Jaldhi Overseas PTE Ltd.*, 585 F.3d 58, 69 (2d Cir, 2009).

Jurisdiction is predicated upon the presence of attachable property within the court's

"territorial reach." *Id.*  The property sought to be secured **must be physically located in**

**the district** in which the complaint for such attachment is filed.  *See Unitas Finance Ltd.*

*v. Di Gregorio Navegacao, Ltd.*, 2000 AMC 1118, 1120 (D.N.J. 1999) (In order for a

court to exercise in rem jurisdiction over the disposition of property, the property,

*including accounts payable*, must be located within the district); and citing to *Limonium*

*Maritime, S.A. v. Mizushima Mariner, S.A.*, 1997 AMC 2938, 2946, 961 F. Supp. 600,

606 (S.D.N.Y 1997) ("The case law, the authorities, and basic logic demonstrate that no

quasi in rem jurisdiction under Rule B can exist without some res to be attached.  In fact,

for the Rule B attachment to be appropriate, it is clear that the property must be located

within the district and the property must belong to the defendant.").  *See also Iron Pasha,*

*Inc. v. Shanghai Grand China Shipping Development, Co.*, 2013 U.S. Dist. LEXIS

132294, 2013 AMC 2540 (W.D. Wa., Sept. 15, 2013) (The existence of property within

this District is one of the basic requirements of a Rule B attachment; the failure to attach

assets is a valid ground for quashing the writ and dismissing the complaint).

　　　Here, because none of the Garnishees is physically present in this District to

conduct business, they cannot be in possession of any property or assets located within

this District.  Johnson Controls is actually a Wisconsin corporation with its principal

place of business in Milwaukee, Wisconsin. Caterpillar's principal place of business is in

Peoria, Illinois.  CIMC USA, Inc.'s principal place of business is Monon, Indiana, as are

the principal places of business for (Additional Garnishees), CIMC Reefer Trailer, Inc.

and Vanguard National Trailer Corporation.  GE Industrial Systems Sales' principal

6

office is located in Fairfield, Connecticut.  A.T. Cross is located in Lincoln, Rhode Island.  Funai Appliance Corporation is in Rutherford, New Jersey.  Schweizer Aircraft's principal place of business is located in Stratford, Connecticut and/or Horseheads, New York.  American Standard Trane is located in Halton City, Texas.  Union Pacific Railroad's principal office is in Omaha, Nebraska. (Proposed Second Additional Garnishee) RFI Americas, Inc. has its principal place of business in Twinsburg, Ohio. Valmont Newmark, Inc. has its principal place of business in Birmingham, Alabama. FedEx Freight, Inc. is an Arizona corporation with its principal place of business in Harrison, Arkansas. OEM Solutions, Inc. is located in Clarence Center New York. Pactrans is not aware of a present or former customer by the name of K.A.F. Group, Co., but Plaintiff claims it is a Delaware corporation.  Upon information and belief, there is a KAF Group, Inc. located in New York, and a KAF Group located in Florida and California.

Plaintiff has the burden of showing that property of Pactrans *can* be found *within this District.  See e.g., Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006); *Unitas Finance Ltd.,* 2000 AMC at 1123.  If Plaintiff fails to meet its burden, this Court must quash/vacate the attachments. *Chiquita International Ltd. v. Great White Fleet Ltd.*, 518 F. Supp. 2d 589, 592 (S.D.N.Y. 2007).  The Garnishees are not physically located or present in this District. Therefore, they cannot be in possession of any property located within this District and which may be properly attached here.  As Plaintiff cannot meet its burden, the Attachments and Supplemental Attachments must be quashed and/or vacated, and the Court should deny Plaintiff's request to issue the proposed Second Supplemental Attachments.

### III.   Plaintiff's Use of Rule B in this Instance is Improper.

Clearly, Plaintiff's due diligence must have revealed that the Garnishees do not maintain offices in Delaware for purposes of conducting business. Although the rule that the property must be located in the district where the action is filed is well settled, Plaintiff does not even ask the location of property in the interrogatories it served on the Garnishees.  A copy of the Interrogatories is attached hereto as Exhibit A[2].  The interrogatories are also misleading. Instruction No. 4 says that the interrogatories "are continuing in nature." (Exhibit A).  The law is clear that the property sought to be attached pursuant to a Rule B writ of attachment must be in the possession of the garnishee at the time the writ is served.  Thus, neither the interrogatories nor the process can be of a "continuing nature."

Moreover, the scope of several of the interrogatories served with the Attachments exceeds that permitted by Rule B.  Rule B(3)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims provide in pertinent part:

> Interrogatories to the garnishee may be served with the complaint without leave of court.  If the garnishee refuses or neglects to answer on oath as to the ***debts, credits, or effects of the defendant in the garnishee's hands***, ***or any interrogatories concerning such debts, credits, and effects*** that may be propounded by the plaintiff, the court may award compulsory process against the garnishee.  If the garnishee admits any debts, credits, or effects, they shall be held in the garnishee's hands or paid into the registry of the court . . . .

(Emphasis added).  By its terms, any interrogatories served on a garnishee must be limited to seeking information about property in the hands of the garnishee at the time the writ is served.  Interrogatory Nos. 2, 5, 6, 7 and 8, served on the Garnishees by Plaintiff, are thus improper and should be stricken.

---

[2] Pactrans only has access to the interrogatories served on Garnishee CIMC USA, Inc. and thus assumes that interrogatories served on the other Garnishees are the same or similar.

{GFM-00559914.DOC-}

Interrogatory No. 2 asks for detailed information about any debts owed by Pactrans to the Garnishee. The purpose of Rule B is "to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process," not to obtain information about monies owed by a defendant to others.

Interrogatory No. 5 seeks information of all payments of freight, charter hire or any monies by the Garnishee to Pactrans. Prior payments made by a Garnishee to Pactrans are irrelevant for purposes of a Rule B attachment. Prior payments do not constitute property currently held by the Garnishee for the benefit of Pactrans.

Interrogatory No. 6 seeks information of any bank accounts in which Pactrans may have an interest. The Garnishees are present or former customers of Pactrans. They are not financial institutions that would maintain bank accounts on behalf of Pactrans. Clearly, Plaintiff is improperly attempting to obtain information about Pactrans' banking relationships through these Garnishees.

Interrogatory No. 7 seeks information about all purchases made from Pactrans by the Garnishees and payments made by the Garnishees to Pactrans, during the past year, including "the date, nature and value of any such transaction." The requested information does not constitute property currently held by the Garnishees for the benefit of Pactrans.

Interrogatory No. 8 seeks information about whether the Garnishee to whom the Attachment is directed owes any debt or service to Pactrans, and further requests that the Garnishee provide the same information as to any "related or affiliated companies" of the Garnishee. This is improper. If an affiliated or related company is in fact a separate,

9

legal entity, then a separate attachment must be served on that company in order to attempt to attach assets belonging or owed to Pactrans.

Interrogatory Nos. 2, 5 6, 7 and 8 seek information that is properly the subject of **post-judgment** asset discovery. However, there is no judgment in favor of Plaintiff in the underlying action. This is not a post-judgment asset discovery situation. The scope of Rule B for purposes of obtaining security, as is the case here, is very limited. As discussed above, Rule B only reaches property that is in the hands of the garnishee at the time the writ of attachment is served, and, only reaches property that is physically located within the district in which the Rule B action is filed. *See West Bulk Carriers (Australia) Pty., Ltd. v. P.S. International, Ltd.*, 762 F. Supp. 1302, 1307 (S.D. OH 1991) ("There is no dispute that the nature of the Rule B(1) writ is such that it must either attach property on the date of service or be void.") (citations omitted). Plaintiff's interrogatories go well beyond the limits of Rule B and should be stricken.

## CONCLUSION

For the reasons set forth hereinabove, Plaintiff's service of Process of Maritime Attachments and Garnishments on the Garnishees, its Supplemental Attachments directed to the Additional Garnishees, and its proposed Second Supplemental Attachments are all improper. The Attachments and Supplemental Attachments should be quashed and/or vacated, and the Court should deny Plaintiff's request to issue Second Supplemental Attachments. Further, Interrogatory Nos. 2, 5, 6, 7 and 8 should be stricken, and the Complaint dismissed for lack of jurisdiction.

**WHEREFORE,** Pactrans Air & Sea, Inc., respectfully requests that this Honorable Court quash/vacate the Process of Maritime Attachment and Garnishment and

Supplemental Attachments served upon each Garnishee and Additional Garnishee, deny

Plaintiff's request to issue Second Supplemental Attachments, strike Interrogatory Nos.

2, 5, 6, 7 and 8, and dismiss the Complaint in its entirety and with prejudice.

Date:   February 28, 2014          **GORDON FOURNARIS & MAMMARELLA P.A.**

*/s/ William M. Kelleher*
William M. Kelleher, Esq. (DE Bar #003961)
Phillip A. Giordano, Esq. (DE Bar #005756)
1925 Lovering Avenue
Wilmington, DE 19806
Telephone:      (302) 652-2900
Facsimile:      (302) 652-1142
E-mail:          BKelleher@gfmlaw.com
E-mail:          PGiordano@gfmlaw.com
*Counsel to Pactrans Air & Sea, Inc.*

Of Counsel
**MARWEDEL, MINICHELLO & REEB, P.C.**
Robert L. Reeb, Esq.
Shari L. Friedman, Esq.
10 South Riverside Plaza, Suite 720
Chicago, IL 60606
Telephone:      (312) 902-1600
Facsimile:      (312) 902-9900
E-mail:          rreeb@mmr-law.com
E-mail:          sfriedman@mmr-law.com