IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRATELLI D'AMATO SpA<br><br>Plaintiff,<br><br>v.<br><br>PACTRANS AIR & SEA USA a/k/a<br>PACTRANS AIR & SEA, INC.<br><br>Defendant<br><br>And<br><br>JOHNSON CONTROLS, INC., and<br>CATERPILLAR, INC., and<br>CIMC USA INC., and<br>GE INDUSTRIAL SYSTEMS SALES, INC., and<br>A.T. CROSS COMPANY, and<br>FUNAI APPLIANCE CORP., and<br>SCHWEIZER AIRCRAFT CORP. A/K/A/<br>SIKORSKY MILITARY COMPLETIONS<br>CENTER, and<br>AMERICAN STANDARD TRANE, LTD., and<br>UNION PACIFIC RAILROAD COMPANY<br><br>Garnishees | Civil Action No. |

## INTERROGATORIES

TO: CIMC USA INC

SIRS:

    **PLEASE TAKE NOTICE THAT**, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and pursuant to Rule B(3)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Plaintiff Fratelli D'Amato SpA, ("Plaintiff"), by and through its attorneys, Palmer Biezup & Henderson LLP, hereby request that garnishee, CIMC USA INC, provide undersigned counsel with sworn answers to each of the Interrogatories set forth below within twenty (20) days as provided under Rule B(3)(a).

## INSTRUCTIONS

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

2. In answering these Interrogatories, you are requested to furnish all information known or available to you regardless of whether this information is possessed directly by you, your agents, representatives, or investigators; by your present or former attorneys, or their agents, employees, representatives, or investigators; or by any other legal or non-legal entities controlled by and/or in any manner affiliated with you.

3. If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information, knowledge or belief you have concerning the unanswered portion.

4. These Interrogatories are continuing in nature. If, at any time after service of the initial answers hereto and prior to the trial of this action, you obtain additional information responsive to these interrogatories, you are required to supplement or amend your answers hereto in accordance with Rule 26(e) of the Federal Rules of the Civil Procedure.

5. Pursuant to Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

    A. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

    B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information;
    (1) For oral communications:

        a. the name and last known address of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;
        b. the date and place of the communication; and
        c. the general subject matter of the communication.

PBH421960.1

    (2)    For documents:

        a.    the type of document,
        b.    the general subject matter of the document,
        c.    the date of the document,
        d.    the name and last known business address of each person who made, prepared, or signed the document;
        e.    the name and last known business address of each person to whom the document was addressed and each person to whom a copy was sent;
        f.    the name and last known business address of any person who at any time had custody, possession or control of the original or a copy of the document, and name of, address, and his or her position with the business entity by which he or she was then employed;
        g.    the present location of the document; and
        h.    such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

6.    If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

7.    If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. *You/Your:* The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to," "and" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

2.

## INTERROGATORES

1. Identify all goods and chattels, or credits and effects, tangible and/or intangible, of defendant, Pactrans Air & Sea USA and/or Pactrans Air & Sea USA, Inc. currently within your possession, custody or control.

2. In the event the defendant, Pactrans Air & Sea USA and/or Pactrans Air & Sea USA, Inc. is indebted to your institution, specify (a) the nature of such indebtedness, (b) the current amount of indebtedness, (c) the nature of security given by the defendant, and (d) the amount of security given by the defendant to secure the indebtedness.

3. Identify all negotiable instruments of defendant, Pactrans Air & Sea USA and/or Pactrans Air & Sea USA, Inc. now in your possession, custody or control and state its(their) amount(s).

4. Identify all electronic fund transfer (EFTs) funds belonging to the defendant, Pactrans Air & Sea USA and/or Pactrans Air & Sea USA, Inc., now in your possession, custody or control, and state the amount(s) of such EFT(s).

5. Identify all payments of freight, charter hire or any other monies by you respecting any vessels owned, operated or chartered by Pactrans Air & Sea USA and/or Pactrans Air & Sea USA, Inc. of which you are aware.

6. Do you have a record of any bank accounts in which defendant, Pactrans Air & Sea USA and/or Pactrans Air & Sea USA, Inc., may have an interest, whether under the name of the particular defendant, under a trade or corporate name, or in association with others, as of the date of service of the process of maritime attachment and garnishment or within one year prior thereto.

7. Identify all purchases you have made from, or payments you have made to, Pactrans Air & Sea USA and/or Pactrans Air & Sea USA, Inc., during the past year, including the date, nature and value of any such transaction.

8. Please state whether you owe any debt or service to Pactrans Air & Sea USA and/or Pactrans Air & Sea USA, Inc. This interrogatory relates to any debt or service owed by you or any of your related or affiliated companies to Pactrans Air & Sea USA and/or Pactrans Air & Sea USA, Inc. regardless of where or how the debt was incurred.

PALMER BIEZUP & HENDERSON LLP

By: /s/ Michael B. McCauley
     Michael B. McCauley (ID 2416)
     1223 Foulk Road
     Wilmington, DE 19803
     Phone: (302) 594-0895
     Fax: (302) 478-7625
     mccauley@pbh.com
     Attorneys for Plaintiff,
     Fratelli D'Amato SpA